**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Dennis Boyer,

Plaintiff,

v.

KRS Computer & Business School,

Defendant.

Civil No. 00-1039 (RHK/JMM)
**MEMORANDUM OPINION AND ORDER**

---

John O. Murrin, Murrin Law Firm, Edina, Minnesota, for Plaintiff.

Barry O'Neil and Harry Kennedy, Lommen, Nelson, Cole & Stageberg P.A., Minneapolis, Minnesota, for Defendant.

---

Before the Court is Defendant KRS Computer and Business School's ("KRS") Motion for Sanctions against Plaintiff Dennis Boyer and his counsel, John O. Murrin. The motion has been made pursuant to Rule 11 of the Federal Rules of Civil Procedure. The facts underlying this lawsuit are set forth in detail in the Court's September 10, 2001 Memorandum Opinion and Order ("September 10 Order"), and will not be repeated here. Boyer brought suit against KRS claiming that he was discriminated against and ultimately terminated by KRS because he was "disabled." Boyer also claimed that he was constructively discharged from his job at KRS "because of his status as either disabled or as a former drug addict." (Amended Compl. ¶ 29.) Boyer further claimed that KRS wrongfully terminated him after allegedly "eavesdropping" on a conversation, thereby



FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

violating his right to privacy. (Id.) Finally, Boyer asserted state common law claims for intentional infliction of emotional distress, negligence, breach of contract, and invasion of privacy.

In its September 10 Order, the Court granted KRS's Motion for Summary Judgment in its entirety and dismissed Boyer's Amended Complaint with prejudice. Judgment was entered in favor of KRS and against Boyer. While the summary judgment motion was under advisement, the parties fully briefed KRS's motion for Rule 11 sanctions. The Court concludes that it retains jurisdiction over the Defendant's motion for sanctions. It has reviewed the parties' submissions and further concludes that oral argument would not be of benefit to the Court.

## I. Standard of Decision

Rule 11(a) of the Federal Rules of Civil Procedure calls for every pleading, written motion, or other paper to be signed by at least one attorney of record or, if the party is not represented, by the party himself or herself. The rule continues:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are

> warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). Rule 11 allows a district court to impose "an appropriate sanction" when a party or counsel files a complaint in derogation of his responsibility to make a reasonable inquiry that the claims are warranted by existing law and that the allegations and other factual contentions have evidentiary support. Chandler v. Norwest Bank Minnesota, N.A., 137 F.3d 1053, 1057 (8th Cir. 1998). The sanction to be imposed shall not be greater than "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). If the sanction is imposed as the result of a motion and is warranted for effective deterrence, the court's order may direct "payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Id. Monetary sanctions may not be awarded against a represented party, however, for a violation of subdivision (b)(2) of Rule 11. Fed. R. Civ. P. 11(c)(2)(A).

KRS argues that Rule 11 sanctions are appropriate because Boyer's entire lawsuit

was "unwarranted by existing law, not well-grounded in fact, and utterly lacking in evidentiary support." Specifically, KRS complains that Murrin failed to fulfill his duty to conduct a reasonable investigation in order to determine whether the claims asserted in the Amended Complaint had a good-faith basis in fact and law. KRS also complains that, following Boyer's deposition -- in which he gave answers to focused questions indicating that he was not significantly impaired in a major life activity by any of his physical or mental impairments -- he again refused to voluntarily dismiss his claims, resulting in KRS bringing a motion for summary judgment.

The Court construes KRS's objections as being based in large part upon violations of Rule 11(b)(2); accordingly, the Court will decline to impose sanctions against Boyer himself and consider whether sanctions are appopriate against attorney Murrin. KRS asserts that it should be awarded the attorneys' fees and costs it has incurred in this entire litigation as a sanction against Murrin's actions. The Court considers the causes of action asserted in the Amended Complaint against the standards of Rule 11(b).

## II. The Amended Complaint

The Court has carefully reviewed the Amended Complaint and concludes that several of the state law claims against KRS were pleaded without an adequate and reasonable investigation. Murrin framed the "negligence" claim as being based on the alleged negligent retention, training, and supervision of KRS employees. Murrin never clearly articulated -- even in a generalized fashion -- the basic elements of a claim for

negligent retention or negligent training or negligent supervision. At most, Murrin argued on summary judgment that two KRS management employees had previously worked in the mental health field and therefore "should have" recognized Boyer's mental health issues and "accommodated" him. On summary judgment, however, Murrin made no argument advancing a claim of negligent supervision, training, or retention; instead, Murrin shifted to a theory that KRS was generally "negligent" in its treatment of Boyer. That theory was likewise unsupported by apposite case law. The Court cannot fathom how Plaintiff's negligence claim came to the summary judgment stage of this case in the nebulous form it did unless it was asserted without a reasonably adequate investigation. The "negligence" claim should not have been brought.

With respect to the claim of "intentional infliction of emotional distress," it appears that no reasonable investigation was done to ascertain whether there was at least a colorable argument that Boyer could prove up the essential elements of the claim. "Under Minnesota law, a plaintiff must prove the following elements to make out a claim of intentional infliction of emotional distress: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe." Boone v. Federal Express Corp., 59 F.3d 84, 86-87 (8th Cir. 1995) (citing Hubbard v. United Press Int'l, Inc., 330 N.W.2d 428, 439 (Minn. 1983)). The only specific conduct identified by Boyer as being so "extreme and outrageous" as to be actionable were a number of relatively minor changes

to the terms and conditions of his job as a janitor. A reasonable inquiry by Murrin would have revealed that such changes do not rise to the level of conduct "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Haagenson v. National Farmers Union Prop. & Cas. Co., 277 N.W.2d 648, 652 n.3 (Minn. 1979). Furthermore, a reasonable inquiry by Murrin would have revealed what Boyer acknowledged in his deposition -- he had not sought any medical or psychological help for the "distress" he was allegedly suffering as a result of KRS's actions. The distress must, however, be so objectively severe "that no reasonable [person] can be expected to endure it." Hubbard, 330 N.W.2d at 439. The "intentional infliction of emotional distress" claim should not have been asserted.

The "invasion of privacy" claim was perhaps the most suspect of Boyer's common law claims. This claim was evidently based on an allegation that KRS had electronically eavesdropped on a conversation between Boyer and two other KRS employees about his feelings of having been ill-treated and his advice to the other employees to bring a class action lawsuit against KRS. It is clear that Murrin made no real investigation into the possibility that KRS management learned of Boyer's conversation because one of the other individuals involved reported it to a supervisor (a fact corroborated by both KRS witnesses and non-party witnesses). Furthermore, Murrin obtained a signature on a document from one of the participants in the conversation that was submitted to the Court as an "affidavit" and purported to corroborate Boyer's version of events. The "affiant,"

however, has averred that she was not presented the document for review, did not sign it under oath, and that the document contains numerous misstatements of fact. (See September 10 Order at 16-19.) The record surrounding the "affidavit" in question demonstrates, at best, carelessness by counsel in dealing with an unrepresented person and, at worst, conduct that is unethical.

The Court concludes that, had Murrin engaged in a reasonable investigation of the facts and law before filing his Amended Complaint, the above state law claims would not have been asserted. The Court has also reviewed the state law breach of contract claim and the employment discrimination claims arising out of Boyer's alleged "disabilities." Murrin represented at Boyer's deposition that some of those claims were being voluntarily dismissed (although he later attempted to recant that position). The remaining claims did not survive summary judgment; however, based on the arguments of counsel made in connection with the summary judgment motion, the Court concludes that the remaining claims were not so wholly baseless as to demonstrate Murrin's failure reasonably to investigate them prior to filing the Amended Complaint. Accordingly, the Court will not award sanctions against Murrin on the basis of those "disability" and breach of contract claims remaining.

## III. Conclusion

The Court has determined that Murrin's assertion of negligence, intentional infliction of emotional distress, and invasion of privacy claims was wholly unwarranted

as a matter of law and ill-founded factually. The pursuit of those claims violated Rule 11(b)(2) and (b)(3) and are sanctionable. Furthermore, the materials submitted by Murrin in opposition to the summary judgment motion represent, at best, sloppiness and, at worst, an effort to mislead the Court.[1] The Supreme Court and the Eighth Circuit have held that "a district court may assess attorney fees under its inherent power 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Nielsen v. Trans World Airlines, Inc., 95 F.3d 701, 702 (8th Cir. 1996) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). Thus, either under Rule 11 or under the Court's inherent power to police attorney conduct, sanctions are warranted.

An award of a portion of the attorneys' fees incurred by KRS in this action will, the Court finds, be sufficient to deter repetition of such conduct by attorney Murrin. As noted above, KRS seeks the imposition of a sanction of approximately $25,000, representing all of the fees and costs it has incurred in this litigation. The claims which the Court has found to have been sanctionable represent a not insubstantial portion of the case. Accordingly, the Court concludes that the sum of four thousand dollars ($4,000.00)

---

[1] In his opposition memorandum to KRS's summary judgment motion, attorney Murrin improperly (a) advanced claims and legal theories that had not been pleaded in the Amended Complaint, (b) cited deposition testimony on several occasions that either had not been submitted to the Court or did not support the factual assertion to which the citation was attached, and (c) made arguments regarding the viability of Plaintiff's disability discrimination claims that relied upon wholly inaccurate citations to the Federal Register or misrepresentions to the Court of the authorship and scope of the regulations being cited. The numerous errors and specious arguments asserted in attorney Murrin's opposition brief are inexcusable.

reflects an appropriate portion of the attorneys' fees and other expenses incurred by KRS as a result of the violations described above.

**ORDER**

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED THAT** Defendant's Motion for Sanctions Pursuant to Rule 11(Doc. No. 34) is **GRANTED IN PART.** Attorney John O. Murrin is hereby directed to pay to KRS Computer and Business School the sum of four thousand dollars ($4,000.00) forthwith.

Dated: September 17, 2001

RICHARD H. KYLE
United States District Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500